MARY HELM v. R. S. LYON ET AL.

[Abstract Kentucky Law Reporter, Vol. 4—439, as Helm v. Lyon & Co. et al.]

**Undivided Interest in Estate Liable for Debts.**

> Where a testator provides that his estate, consisting of five hundred acres of land is to be controlled by the widow for her benefit and that of the children, all of the children are entitled to a support from the land if sufficient for that purpose and the undivided interest of a child is liable for notes given by such child for his support.

APPEAL FROM WOODFORD CIRCUIT COURT.

November 18, 1882.

OPINION BY JUDGE PRYOR:

That the son of the appellant has a present interest in the profits of the land will not admit of controversy, and when the widow marries he becomes not only entitled to the profits but to the actual possession. This tract of land contains 500 acres and is controlled by the widow for her benefit and that of the children. They are entitled, all of them, to a support from the proceeds of this land if sufficient for that purpose. The chancellor has directed a sale of the one-third interest absolutely, and as the widow has appeared resisting such a judgment upon the ground that she can not be divested of possession, the judgment may be construed as permitting the purchaser to enter. The purchaser would not be entitled to the possession during the life of the widow if she remains unmarried, and the judgment should have required the widow, who is a trustee for the children, to pay over to the creditor of the son the income from the estate to which he is, or may be entitled, or a sufficiency thereof to pay the two notes. The use of one-third of the land per annum would doubtless be of greater value than the amount of the two notes. She must either pay these two notes out of the income which is one-third, or the chancellor will place the property in such a condition by taking possession of it as will enable him to see that the creditor is satisfied. If the income has been disposed of the chancellor can then sell the absolute estate of the son.

The judgment is *reversed* and cause remanded for further proceedings consistent with this opinion.

*D. L. Thornton,* for appellant.

*Porter & Wallace,* for appellees.